IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALREE B. SWEAT III,

        Plaintiff,

v.                                               CIV 04-1329 KBM/LCS

LAS CRUCES CITY POLICE DEPARTMENT, et al.,

        Defendants.

# MEMORANDUM OPINION AND ORDER TO FILE *MARTINEZ* REPORT

    Plaintiff brings this action *pro se,* and resides in prison. As such, I construe his pleadings liberally and include additional information that he raises in his responses to the motion before me, which clarify the background facts. *See e.g., Haines v. Kerner,* 404 U.S. 519, 520- 21 (1972) (*per curiam*); *Hall v. Bellmon,* 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). I note at the outset that the Court's copy of Plaintiff's Complaint was not complete, and I am not certain whether Defendants also received an incomplete copy. The electronic version, which can be obtained from the docket sheet, appears intact, however, and that is the version to which I refer.

    This matter is before the Court on Defendant's motion to dismiss for failure to state a claim or for summary judgment, *see Docs. 16, 17,* and Plaintiff's responses to the motion, *see Docs. 21, 22.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 10, 15.* I find that Defendants' motion should be denied and that a *Martinez* Report is warranted.

# I.  Factual Background

Plaintiff alleges that on December 22, 1999, the defendant officers questioned him, placed him under arrest, and searched him.  They found broken glass in his pocket and seized it.  Defendants indicated that during the search the officers also seized a torn down-feather parka.  *Doc. 17* at 4, ¶ 12.

Plaintiff was charged with two misdemeanors[1] but also questioned about a burglary.  He was released and allowed to return home.  "Later, [he] had several run-ins with [one of the officers, who] would persist on pat searching me and making me empty my pockets for no reason."  *Doc. 1* (attachments entitled "Nature of the Case," ¶¶ 8); *see also id.,* ¶¶ 1-7; *id.* (attachments entitled "Supporting Facts," ¶¶ 1-4); *Doc. 22,* ¶¶ 4-11.  He claims that the officer "was persistant (sic) on warrantless searches.  His excuse was for my safety.  He didn't have any reason to stop me on my bicycle since no violations were broken."  *Doc. 1* (attachments entitled "Supporting Facts," ¶ 4.)  He further asserts that these "run-ins" occurred between December 22, 1999 and January 22, 2000, when he was arrested for a burglary because the glass taken from his pockets earlier "came back similar, but not exactly alike" to glass from the home where the burglary occurred.  *Doc. 1* (attachments entitled "Nature of the Case," ¶ 9); *see also Doc. 22,* ¶¶ 11-12.

Plaintiff's motion to suppress was denied and, a year and a half after his arrest, a jury convicted him of residential burglary and larceny in July 2001.  Plaintiff was sentenced to four and

---

[1] These charges were for voyeurism and prowling and later criminal trespass, to which Plaintiff ultimately entered a no contest plea, and for which he received a 30-day deferred sentence.  These proceedings concluded by June 2000, at which time Plaintiff was being held in jail on the burglary charges.  As will be illustrated further above, the misdemeanor charges are not the subject of Plaintiff's claims.  *See Doc. 17* at 2-3 & Exhs. A-F.

one-half years and he appealed on the ground that the December 1999 search was illegal.  *Doc. 1* (attachments entitled "Nature of the Case," ¶¶ 10-14); *see also Doc. 22,* ¶¶ 14-6.  There is no dispute that, as Plaintiff claims, the New Mexico Court of Appeals reversed his conviction. Defendants did not submit a copy of that opinion or any other records from the burglary proceedings.  They indicate that the Court of Appeals reversed, stating that the "'glass and feathers were later used as evidence to link Defendant with the burglary of a separate residence . . . the evidence seized at the time of the arrest was highly incriminating, and appears to have been [the] *key* to [Defendant's] conviction.'"  *Doc. 17* at 4-5, ¶ 12 (emphasis added).

Plaintiff asserts that after the court issued its decision he was released and, thereafter, the state refused to pursue the charges further, sending Plaintiff a "*nolle prosequi.*"  He claims that in March 2002 the State dropped the charges, "giving [him] until March 12, 2005 to file claim by statute of limitations."  *Doc. 22,* ¶ 18.  He filed this action on November 26, 2004 and indicates that he in fact did pursue the matter earlier, both by filing a "lawsuit" on October 24, 2004,[2] the disposition of which is "N/A," and by filing "a grievance, which I never got a reply from."  *See Doc. 1* at 4-5, § D.

Plaintiff's Complaint as well as his responses to Defendants' motion variously describes Defendants' conduct in the December 1999 search and the other searches prior to his arrest for the burglary as "malicious," abusive," "unlawful," "illegal," "unreasonable," "warrantless," "sadistic," and  "false arrest."  He also claims that the Chief of Police was aware of the "illegal" conduct and permitted it to occur.  Sweat further asserts that he was detained beyond the expiration of his sentence and that this constitutes "cruel and unusual punishment."  He seeks a

---

[2] The Court's records do not show that he previously filed a suit here.

staggering amount of damages as well as declaratory and injunctive relief under 42 U.S.C. § 1983 for these alleged violations of his civil rights. *See Doc. 1* at 2; *id.* (attachments entitled "Prayer for Relief"); *see also id.* (attachments entitled "Supporting Facts," ¶ 6); *id.* (attachments entitled "Nature of the Case," ¶13); *Doc. 21* at 1.

## II.  Analysis

### A.  *Misdemeanor Charges Are Not At Issue, Therefore Heck Doctrine Is Inapplicable*

Defendants are correct that generally, the doctrine of *Heck v. Humphrey,* 512 U.S. 477 (1994) does not permit federal courts to entertain challenges that would have the effect of nullifying a state conviction. They raise that argument with respect to Plaintiff's misdemeanor convictions. *See Doc. 17* at 6-8.

As illustrated and noted above, however, Plaintiff is not challenging the misdemeanor convictions in any way. Indeed, he pleaded no contest to the charges and received a deferred sentence. Rather, he is challenging the search incident to his first arrest because of the evidence it yielded for the subsequent burglary charges. This is evidence that the state court evidently decided should have been suppressed, and was deemed the "key," and perhaps only, evidence upon which Plaintiff's conviction was based. Plaintiff is likewise challenging the series of "stops" and "searches" that occurred after his first arrest as, essentially, "harassing." Accordingly, I reject as moot Defendants' Heck argument regarding the misdemeanor convictions.

### B. *Plaintiff's Claims Accrued When The Court Of Appeals Issued Its Decision*

Defendants are correct that the applicable statute of limitations is three years. They calculate the period as running from the day Plaintiff was arrested on January 22, 2000. They further include "equitable tolling" for the period from the date of his conviction until the *nolle*

4

*presequi* was entered.  Based on Defendants' calculations, Plaintiff's November 2004 federal action is time-barred.  *See Doc. 17* at 9-11.

I do not understand Defendants's calculations, however, particularly the tolling aspect.[3]  Generally, "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."  *Johnson v. Johnson County Com'n Bd.,* 925 F.2d 1299, 1301 (10th Cir. 1991).  Thus, it would generally appear that the December 1999 search is the earliest relevant statute of limitations trigger.  Also, if equitable tolling is at all applicable here, it might arise in the context of the notice of claim that Plaintiff alleges he was provided or during the course of whatever proceedings he pursued before filing suit here.

Furthermore, the very cases Defendants cite demonstrate that the claims Plaintiff pursues here did not accrue until New Mexico Court of Appeals issued its decision.  Usually, "search and seizure" claims run from the date that the search occurred, must be brought within the applicable statute of limitations, and are not barred by *Heck* because a search and seizure claim does not necessarily call into question the lawfulness of a conviction.  *E.g, Harvey v. Waldron,* 210 F.3d 1009,  1013-16 (9th Cir. 2000) (discussion of *Heck,* split in the circuits, and Tenth Circuit's position); *see also Laurino v. Tate,* 220 F.3d 1313, 1217 & n.3 (10th Cir. 2000); *Beck v. City of Muskogee, Police Dept.,* 195 F.3d 553, 558-60 (10th Cir. 1999).  However, *Heck* also holds that if

---

[3] The two decisions Defendants discuss explain how one calculates equitable tolling periods, not whether tolling is appropriate here.  *See Doc. 17* at 10.  Furthermore, the state decision, *Hardin v. Harris,* 87 N.M. 143, 530 P.2d 407 (Ct. App. 1974), involves a state law malpractice claim.  The federal decision, *Benge v. United States,* 17 F.3d 1286 (10th Cir. 1994), involves an FTCA claim where the Tenth Circuit did not "reach the substance of plaintiffs' equitable tolling argument in this case" because it would not have made a difference to the outcome, *id.* at 1288.

a § 1983 action is based on an "allegedly unconstitutional conviction . . . or . . . other harm caused by actions whose lawfulness would render a conviction or sentence invalid," then the cause of action does not accrue until "the conviction or sentence has . . . been invalidated." *Heck,* 512 U.S. at 486-87. Put another way, to recover damages under § 1983 for an unconstitutional conviction, Plaintiff must prove conviction was "'reversed on direct appeal'" and therefore his § 1983 claim does not arise until "conviction itself has been invalidated" and "'the applicable limitations period does not being to run until the same time.'" *Stump v. Gonzales,* 222 F.3d 1220, 1222 (10th Cir .2000) (quoting *Heck,* 512 at 486 and *Beck,* 195 at 557).

The cases Defendants cite, *Laurino* and *Beck*, demonstrate that there are at least two instances where the federal cause of action does not accrue until the conviction is declared invalid. Both of those situations appear applicable here.

The first is where "***all*** the evidence to be presented was obtained as the result of an illegal arrest." *Laurino,* 220 F.3d at 1217 n. 3 (citing *Beck,* 195 F.3d at 559 n.4) (emphasis added). I do not have the record of the state proceedings before me, but the Court of Appeals' comment that the "key" evidence was the glass and feathers would appear to satisfy this instance of delayed accrual.

The second instance is a malicious prosecution claim – a claim that Plaintiff plainly raises here. *Heck* notes such claims accrue when the conviction is declared invalid. 512 US. at 484-86 & nn. 4-5; *see also e.g,* Pierce v. Gilchrist, 359 F.3d 1279, 1288-97 (10th Cir. 2004) (elements of § 1983 malicious prosecution claim); *Smith v. Gonzales,* 222 F.3d 1220 (10th Cir. 2000) (cause of action for *Brady* violation runs from date Tenth Circuit invalidated conviction in federal habeas,

not from date defendant was actually released)[4]  Defendants assert that the New Mexico Court of Appeals issued its decision on January 18, 2002.  With that as the triggering date, Plaintiff's malicious prosecution claims are timely because his federal complaint was filed within three years.

Because at least one, and possibly more of Plaintiff's claims did not accrue until the Court of Appeals issued its decision, this action cannot be dismissed as untimely.  Accordingly, Defendants' motion to dismiss on statute of limitations grounds is denied at this time as to all of Plaintiff's claims.

### C.  *Martinez Report Is Warranted*

Under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may order defendants to investigate the incident or incidents underlying plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether a

---

[4]  An unpublished Tenth Circuit decision explained that a plaintiff must wait until the conviction is declared invalid before bringing a malicious prosecution claim under § 1983:

> At their core, Sack's allegations against the district attorneys sound in malicious prosecution. *Cf. Anthony v. Baker,* 955 F.2d 1395, 1399 (10th Cir. 1992) (action for malicious prosecution attempts to hold the complaining witness liable for his role in initiating a baseless prosecution. [The] federal courts have adopted the common law rule that the termination of the underlying criminal proceeding in favor of the accused is an essential element of a 1983 malicious prosecution claim.  *Brummett v. Camble,* 946 F.2d 1178, 1183-84 (5th Cir. 1991) (collecting cases), *cert. denied,* 112 S. Ct. 2323 (1992); *see also Robinson v. Maruffi,* 895 F.2d 649, 654-55 (10th Cir. 1990)(section 1983 action for malicious prosecution accrues when underlying criminal action terminates in plaintiff's favor). The criminal prosecutions of which Sack complains have not terminated in his favor. He pleaded guilty in Nos. CRF-88-184 and CRF-90-24, and his convictions have not been disturbed on direct appeal, nor on petitions for state and federal habeas relief. Under these circumstances, claims of malicious prosecution are premature.

*Sack v. Huggins,* 34 F.3d 1076 (10th Cir. 1994) (unpublished) (internal quotations omitted).

prisoner plaintiff has a meritorious claim. *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* report may be used in a variety of contexts, including motion for summary judgment or *sua sponte* entry of summary judgment. When a *Martinez* report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). To assist the Court in evaluating Plaintiff's claims, I will require Defendants to prepare both a dispositive motion and *Martinez* Report. *E.g., Salazar v. Curry County Sheriff, et al.,* CIV 04-1073 KBM/LCS (*Doc. 4*).

Wherefore,

**IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss or for summary judgment *(Doc. 16)* is DENIED;

2. Defendants prepare a *Martinez* Report addressing the allegations and claims raised in Plaintiff's Complaint and in his responses to their dispositive motion by:

    (a) setting forth the facts needed to resolve the claims, including but not limited to: names of police officers who dealt with Plaintiff during the alleged incidents or witnessed the alleged incidents; whether records exist pertaining to the events; whether police policies or regulations address the situation;

    (b) providing copies of those records and documents that do exist, including but not limited to: police reports; court records and transcripts (or tapes); extra-judicial proceedings; and

    (c) providing affidavits in support of the Report, if necessary;

3. The documents submitted with the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, shall not be considered in compliance with

      this order.  This Court is aware that some materials may be sensitive and that there may be valid reasons for keeping the content of those documents secret.  As such, Defendants may redact confidential portions of documents submitted with the Report and also submit a memorandum setting forth any objections they may have to Plaintiff being permitted to review any portion of the report and its attachments.  If Defendants do not submit such materials with the Report, Plaintiff shall be permitted to review the contents of the entire Report as submitted;

4. Defendants submit their Report and dispositive motion by June 30, 2005;

5. Defendants serve a copy of the Report and motion on Plaintiff, who shall file his response by July 28, 2005; and

6. Defendants file their reply by August 11, 2005.

**IT IS FURTHER ORDERED** that, in the interests of judicial economy, all discovery is hereby stayed until further order of the Court.

---

**THE PARTIES ARE HEREBY GIVEN NOTICE that the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte;* as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims.**  *See Hall,* 935 F.2d 1106.

---

                                                      _____
                                                      UNITED STATES MAGISTRATE JUDGE
                                                      Presiding by consent.